DISTRICT OF OREGON
**F I L E D**
August 07, 2014
Clerk, U.S. Bankruptcy Court



# United States Bankruptcy Court
## for the District of Oregon

Thomas M. Renn, Judge  
Virginia H. Denney, Judicial Assistant  
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600  
Eugene, Oregon 97401

(541) 431-4050  
FAX: (541) 431-4047

August 7, 2014

Mr. Mark Comstock  
1011 Commercial St., NE  
Salem, OR 97301-1049

Mr. Curtis Caldwell  
PO Box 3704  
Salem, OR 97302

RE:    HEIDI E. NEELY v LANDON GROSS; Adversary Proceeding No. 14-6015-tmr  
        Tentative Ruling/Proposed Judgment

Counsel:

      In the above-referenced adversary proceeding, Plaintiff (Defendant's ex-wife) seeks to except from Defendant's Chapter 7 discharge an attorney fee award memorialized in an April 2011 Supplemental Judgment entered by the Marion County Circuit Court in a post-decree proceeding to modify parenting time. Plaintiff has pled alternative counts under 11 USC §§ 523(a)(5) and (15).

      In general, a Chapter 7 discharge encompasses all pre-petition debts "[e]xcept as provided in section 523." § 727(b). Section 523(a)(5) excepts from discharge any debt for a "domestic support obligation" (DSO), which is defined in relevant part as a debt "in the nature of alimony, maintenance, or support . . . of [a] former spouse, or child of the debtor or such child's parent." § 101(14A)(B). Alternatively, § 523(a)(15) excepts all non-DSO debts "to a . . . former spouse, or child of the debtor . . . incurred by the debtor in the course of a divorce . . . or in connection with . . . a divorce decree or other order of a court of record."

      At the August 6, 2014, pre-trial conference, Mr. Caldwell advised that from Defendant's vantage, the only disputed issue at bar was whether or not the Supplemental Judgment was in the nature of alimony, maintenance, or support. I understood that statement as a concession the Supplemental Judgment falls within the ambit of § 523(a)(15). I therefore inquired why judgment should not be entered in Plaintiff's favor. I noted the underlying Chapter 7 main case had closed as no-asset, and thus it was immaterial whether the Supplemental Judgment was

denominated a DSO or not, as no claim priority, see § 507(a)(1)(A), was at issue. See Jacobs v. Jaeger-Jacobs (In re Jaeger-Jacobs), 490 B.R. 352, 357 (Bankr. E.D. Wis. 2013), and cases cited therein (when debt at minimum falls within § 523(a)(15), the court in a Chapter 7 case, need not hold a trial to determine whether it falls within § 523(a)(15)). In response, Mr. Caldwell argued that Debtor was contemplating converting to Chapter 13, upon which the distinction between DSO v. non-DSO debts would become relevant. See §§ 1322(a)(2); 1325(a)(1) (DSO claims must be paid in full in Chapter 13); § 1328(a) (debts under § 523(a)(5), but not § 523(a)(15), are excepted from Chapter 13 discharge).

I am not persuaded. The Court's jurisdiction extends only to ripe disputes. Frye v. Excelsior College (In re Frye), 2009 WL 7751434, *9 (9th Cir. BAP April 7, 2009). Any determination of the parties' purported rights in a future Chapter 13 is simply not ripe. I am therefore prepared to enter judgment in Plaintiff's favor declaring the Supplemental Judgment excepted from discharge. The judgment would expressly provide that it is without prejudice to Plaintiff asserting rights under § 523(a)(5) or § 507(a)(1)(A), or otherwise arguing the Supplemental Judgment is a DSO, in any subsequent adversary proceeding or contested matter where that determination is necessary. I would also award Plaintiff her costs and disbursements.

I am not, however, prepared to enter a separate money judgment as requested in the Complaint's Prayer, as the debt at bar has already been reduced to judgment. I am further not prepared to award Plaintiff her attorney fees, as she has failed to plead a separate claim therefore, see FRBP 7008(b), and the time for amending the pleadings has run.

The parties should consider the above my tentative ruling. A judgment consistent with the above terms will be entered unless within 14 days of this letter's date, either party files a memorandum objecting to the tentative ruling. If filed, the opposing party will then have 14 days to respond thereto. No replies are permitted. I reserve the right to rule on the record after the memoranda are submitted.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd